UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
DEC 1 1 2012

Per _____
DEPUTY CLERK

CLARENCE S. JUPITER,

    Petitioner,

v.

WARDEN, U.S.P.-CANAAN,

    Respondent.

Civil Action No. 3:12-CV-1930

(Judge Kosik)

## MEMORANDUM

Petitioner, Clarence S. Jupiter, an inmate currently confined at the United States Penitentiary, Canaan, ("U.S.P.-Canaan"), Waymart, Pennsylvania, filed *pro se,* this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner named the Warden at U.S.P.-Canaan as the sole Respondent. Since the Warden is David J. Ebbert, he is the proper Respondent in this habeas petition.[1] Petitioner challenges his 1993 judgment of sentence of life in prison on his conspiracy to distribute cocaine conviction in the United States District Court for the District of West Virginia. Petitioner also filed a motion to proceed *in forma pauperis* which we will grant only for the purposes of filing this action. (Doc. 3). For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

### Background

Petitioner states that on December 30, 1993, he received a sentence of life in prison from the United States District Court for the District of West Virginia for his conspiracy to distribute cocaine conviction, pursuant to 21 U.S.C. 841(a)(1). (Doc. 1). Petitioner challenges this sentence arguing that the sentencing court improperly determined the chemical composition of the cocaine base involved with his offense, the drug quantity, and failed to submit these matter to the jury. (*Id.*). Petitioner claims that this sentence is illegal and

---

[1] As the Magistrate Judge noted, the correct Respondent is David J. Ebbert "since Petitioner is presently confined at USP-Canaan and Ebbert is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism,* Civil No. 10-1733, M.D. Pa. Petitioner also correctly filed his habeas petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla,* 542 U.S. 426 (2004)." (Doc. 4, fn. 1).

invalid, relying on the Supreme Court's decision in *DePierre v. United States*, __ U.S. __, 131 S. Ct. 2225 (2011). (*Id.*). Petitioner argues that this is a new substantive federal statutory interpretation of the drug statute, 21 U.S.C. § 841, and, as such, applies retroactively to cases on collateral review. (*Id.*). "In short, Petitioner maintains that the U.S. District Court for the District of West Virginia lacked jurisdiction to impose his life-sentence and, that he was actually innocent of his conviction and sentence since the court illegally determined the drug type and the drug amount at sentencing." (Doc. 4, p. 2).

Petitioner filed a direct appeal of his judgment of conviction with the Fourth Circuit Court of Appeals, which was affirmed on February 9, 1995. (*Id.* at 4). Subsequently, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2255 with the West Virginia District Court, which was denied. (*Id.*). Petitioner later filed a § 2244 motion with the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion that was denied on August 6, 2012. (*Id.; see also* Doc. 2, Att. 1).

Petitioner filed this current habeas petition on September 27, 2012. (Doc. 1). Magistrate Judge Thomas M. Blewitt gave preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254. (Doc. 4). On October 2, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction and that the Petitioner's *in forma pauperis* motion be granted solely for the purpose of filing this action. (*Id.*). After a motion for extension of time was granted, Petitioner filed objections to the R&R on November 1, 2012. (Doc. 5, 6, & 7).

## Standard of Review

When objections are filed to a R&R of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c); *see Sample v. Diecks*, 855 F.2d 1099, 116 n.3 (3d Cir. 1989). Written objections to a R&R must

"specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980); *see also Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984).

## Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rule Governing Section 2254 Cases in the United States District Court.[2] 28 U.S.C. § 2254. A defendant can pursue a 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." *Id.*; *see also United States v. Brooks,* 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002) (*citing Cradle v. United States,* 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Cradle,* 290 F.3d at 538 (*citing Garris v. Lindsay,* 794 F.2d 722, 727 (D.C. Cir. 1986)); *see also Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001) ("A prior unsuccessful § 2255 motion or the inability to meet" the requirements for a second or successive 2255 motions "does not make § 2255 inadequate or ineffective."); *Brown v. Mendez,* 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001). If a petitioner improperly challenges a federal conviction or sentence

---

[2]While subdivision (a) of Rule 1 addresses applications brought under 28 U.S.C. § 2254, subdivision (b) provides that rules may be applied in § 2241actions at the discretion of the United States District Court. This Court has long found Rule 4 applicable to habeas proceedings brought under § 2241, *e.g., Health v. Bell,* 448 F.Supp. 416, 417 (M.D. Pa. 1977); *Patton v. Fenton,* 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Francis v. U.S.,* 2009 WL 1010522 (M.D. Pa. 2009), and there is no sound reason not to apply Rule 4 in this case.

under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971).

In *Cradle v. United States,* the Third Circuit emphasized that a § 2255 motion is not inadequate or ineffective to test the legality of a federal prisoner's detention, so as to permit the prisoner to seek habeas relief pursuant to § 2241, merely because the sentencing court had denied relief, because the one-year statute of limitations had expired, or because the prisoner was unable to meet the stringent gatekeeping requirements of § 2255. *Cradle,* 290 F.3d at 538-39. Rather, the Court in *Cradle* held that the habeas exception recognized in § 2255 was merely to make sure that petitioners had a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. *Id.*

As stated in *In re Dorsainvil,* the availability of the § 2241 remedy to challenge a federal conviction is extremely limited. *In re Dorsainvil,* 119 F.3d 245, 250 (3d Cir. 1997). A prisoner can pursue habeas relief under the safety valve clause of § 2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal. *See Brown,* 167 F. Supp. 2d at 726-27.

Application of the above principles compels the conclusion that Petitioner cannot raise his claims that he was illegally convicted of the § 841 offense and sentenced to life because the drug chemical composition and quantity were not proven at his trial and found by the jury in the instant § 2241 petition. Petitioner's current claim challenges the legality of his conviction and sentence, therefore, it is in the purview of a motion under § 2255. The § 2241 Petition will be dismissed for lack of jurisdiction because Petitioner has failed to demonstrate that habeas relief under § 2255 would be ineffective or inadequate.

Petitioner's argument that the Supreme Court's decision in *DePierre*[3] makes his §

---

[3] As Judge Caputo recently discussed in *Potts v. Ebbert*:

> The Supreme Court held that the term "cocaine base," as used in 21 U.S.C. § 841(b) means not just crack cocaine, but cocaine in its chemically basic form, that is, the molecule found in crack cocaine, freebase, and coca paste, notwithstanding that the Sentencing Commission defined "cocaine base" to mean "crack" for the

4

2241 petition an appropriate remedy because his claims are based on a new statutory interpretation of 21 U.S.C. § 841 is not persuasive. *Yates v. Bledsoe,* a recent case from the United States Court of Appeals for the Third Circuit, considered a case similar to the current one, where a petitioner was convicted under § 841 argued that § 2241 was an appropriate challenge to his 1997 conviction because the jury was not asked to consider the type and quantity of the controlled substance involved in the offense and that *DePierre* and *Cole v. Arkansas,* 333 U.S. 196 (1948), provided for a new statutory interpretation of 21 U.S.C. § 841. *Yates v. Bledsoe,* 2012 U.S. App. LEXIS 21288 (3d Cir. 2012). In that case, the Third Circuit held that *DePierre* does not reflect an intervening change of law which renders the crimes of which the petitioner was convicted non-criminal. *Id.* at *8. The Third Circuit further pointed out that the petitioner "failed to demonstrate how either of the cases could have an effect on his conviction or sentence as neither case has been held retroactively applicable." *Id.*

Petitioner's claims do not fall within the narrow exception outlined in *Dorsainvil,* in which § 2241 relief would be available. As previously stated, the dismissal of Petitioner's previous § 2255 motions does not make the § 2255 remedy inadequate or ineffective. In addition, the *DePierre* case does not bring Petitioner into the narrow *Dorsainvil* exception. Accordingly, his Petition of Writ of Habeas Corpus will be dismissed.

---

purposes of the Federal Sentencing Guidelines. [*DePierre,* 131 S. Ct. at 2231-32.] Thus, *DePierre* establishes that "cocaine base," as used in 21 U.S.C. § 841(b)(1), means not only crack cocaine, but all cocaine in its chemically basic form. *See id.*

Based on this reasoning, *DePierre* did not decriminalize any conduct for which Petitioner was convicted. Instead *DePierre* broadly defines cocaine base to include not just "'crack cocaine,' but cocaine in its chemically basic form." *Id.* at 2237. While "relief under § 2241 is permissible where a subsequent statutory interpretation renders a petitioner's conduct no longer criminal," *Sorrell v. Bledsoe,* 437 F. App'x 94, 96 (3d Cir. 2011), Petitioner has simply not shown that any of his conduct was decriminalized by *DePierre. See e.g., Wilson v. United States,* 475 F. App'x 530, 531 (5th Cir. 2012); *Rashaad v. United States,* No. 01-CR-195, 2012 U.S. Dist. LEXIS 80911, 2012 WL 2131341, at *1 (W.D.N.C. June 12, 2012); *Arnold v. Ask-Carlson,* No. 12-0045, 2012 U.S. Dist. LEXIS 53365, 2012 WL 1309190, at *2 (W.D. La. Mar. 12, 2012). As a result, Petitioner is not entitled to seek relief under § 2241 and the Petition will be dismissed.

*Potts v. Ebbert,* 2012 U.S. Dist. LEXIS 140094, * 17-18 (M.D. Pa. 2012).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE S. JUPITER,

    Petitioner,

v.

WARDEN, U.S.P.-CANAAN,

    Respondent.

Civil Action No. 3:12-CV01930

(Judge Kosik)

## ORDER

AND NOW, this 17th day of December, 2012, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 4) is ADOPTED;

2. Petitioner's Objections to the Report and Recommendation (Doc. 7) are OVERRULED;

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED for lack of jurisdiction;

4. Petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is GRANTED solely for the purposes of this motion;

5. The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of this Memorandum and Order to the Magistrate Judge; and

6. Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

_____
Edwin M. Kosik
United States District Judge